UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBBIE DONYEL HUDSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-00153-SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

On October 13, 2021, Petitioner Robbie Hudson ("Hudson") filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255. This Court then ordered the United States to show cause why the relief requested in Hudson's motion should not be granted. Based on the reasons set forth below, this Court will dismiss Hudson's claims as waived and procedurally barred or otherwise deny them without an evidentiary hearing because they fail as a matter of law.

**I.   PROCEDURAL HISTORY**

On January 15, 2019, at approximately 3:00 a.m., a Pemiscot County deputy went to investigate two suspicious vehicles, one of which was being driven by Hudson. Plea Stip., p. 2[1]. The Deputy requested Hudson to step out of the car, and then attempted to perform a frisk for weapons. Plea Stip., p. 3. Hudson resisted, and then fled in his vehicle, driving toward the officer placing him in apprehension of being struck, and then bailing

---

[1] Written plea stipulation and agreement, Doc. 39, 1:19-cr-00087-SNLJ.

1

out at his mother's house a short distance away.  *Id*.; PSR ¶ 14[2].  Deputies obtained consent to search the house locating 240.93 grams of a substance containing methamphetamine, which Hudson admitted throwing into a closet in the residence.  Plea Stip., p. 3.

On May 14, 2019, the Grand Jury for the Eastern District of Missouri sitting at Cape Girardeau indicted Hudson and charged him with one count of Possession of 50 grams or More of Methamphetamine with Intent to Distribute in violation of Title 21, United States Code, Section 841(a)(1).  Doc. 1, 1:19-cr-00087-SNLJ.

On October 15, 2019, Hudson pleaded guilty as charged and entered into a written plea agreement with the Government3[3] (Doc. 39), in which he agreed that the amount of the methamphetamine which he threw in the closet was tested at the Missouri State Highway Patrol laboratory and determined to be 240.93 grams of a substance containing methamphetamine. Plea Stip., p. 3.  That amount of 240.93 grams was reiterated during the factual basis for the plea.  Plea Tr., p. 27[4].  After the factual basis was read into the record, the Court asked Hudson:

> Court:         "But you admit what he [AUSA] said, though?"
>
> Hudson:     "Yes, Sir".
>
> Court:         "Okay. No question about that part, is there?"
>
> Hudson:     "No, sir."
>
> Court: "I'm going to go through the elements. So you admit that you did all those acts that he mentioned?"

---

[2] Presentence Investigative Report, Doc. 53, 1:19-cr-00087-SNLJ.
[3] Hudson initially wanted to plead open without a written plea stipulation, but changed his mind. *See* Transcript of Guilty Plea Proceedings "Plea Tr.", Doc. 69, pp. 13-14, 1:19-cr-00087-SNLJ.
[4] Transcript of the plea proceedings, Doc. 69, 1:19-cr-00087-SNLJ.

2

Hudson:     "Yes."

Plea Tr., p. 28.

Hudson also agreed in the written plea stipulation that the base offense level was 26 based upon a quantity of mixture or substance containing methamphetamine of "at least 200 grams, but less than 350 grams." Plea Stip., p. 4. A presentence investigation report ("PSR") was prepared which recommended, in conformity with the plea stipulation, a base offense level of 26, as Hudson was responsible for 240.93 grams of methamphetamine. PSR ¶ 23. The PSR also indicated that Hudson had received a 470-day jail sentence on a 2012 violating order of protection charge for which he pleaded guilty in February of 2017. PSR ¶ 51. Hudson was assigned three criminal history points for that offense. *Id*.

Hudson's other priors, which are not contested, include three felony possession of controlled substance convictions, misdemeanor possession of marijuana, and numerous traffic convictions for driving with a restrained or revoked license. PSR ¶ 34-53. Hudson had a total of 10 criminal history points for a criminal history category of V. PSR ¶ 55.

Hudson's counsel filed objections to the PSR[5] on February 21, 2020, stating regarding the violation of an order of protection charge detailed in paragraph 51 that "Mr. Hudson does not recall being convicted in 2017 or a misdemeanor violation of an order of protection that occurred in 2012 in Arapahoe County, Colorado." Doc. 49, p. 2, 1:19-cr-00087-SNLJ. Hudson did not object to the drug quantity.

At the sentencing hearing on February 27, 2020, Hudson's counsel advanced the

---

[5] Hudson's primary objection involved an adjustment for Official Victim status of the officer under Section 3A1.2, which was resolved without the need of litigation. Hudson is not objecting on this basis

3

position that "he just simply does not remember being convicted for that offense and remaining in jail for 470 days." Sent. Tr., p. 5[6]. The Court examined the available records and determined that it was in fact Hudson's conviction. Sent. Tr., p. 6.

The Court determined that the total offense level was 25 and a the criminal history category was V, for an advisory guidelines sentencing range of 100-125 months. Sent. Tr., p. 7. Hudson's attorney recommended a sentence not to exceed 100 months. Doc . 51, p. 6. The Court sentenced Hudson to 100 months of incarceration, four years of supervised release, and $100 special assessment. Sent. Tr., pp. 11-13; Doc. 56.

Hudson appealed, alleging that the District Court should have compelled the Government to file a motion for downward departure under Guidelines § 5K1.1 based on Hudson's "substantial assistance." *United States v. Hudson*, 830 Fed. Appx. 793 (8th Cir. 2020. Hudson did not appeal the criminal history determination. This Section 2255 motion followed, alleging three instances of ineffective assistance of counsel, as will be addressed.

## II.   LEGAL STANDARD

"Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quotation omitted). And like habeas corpus, this statutory remedy "does not encompass all claimed errors in conviction and sentencing." *Id*. (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Under Section 2255(a), a petitioner may file a motion for post-conviction review on four specified grounds: "(1) 'that the sentence was

---

[6] Transcript of sentencing hearing, Doc. 71, 1:19-cr-00087-SNLJ.

4

imposed in violation of the Constitution or laws of the United States.' (2) 'that the court was without jurisdiction to impose such sentence.' (3) 'that the sentence was in excess of the maximum authorized by law,' and (4) that the sentence 'is otherwise subject to collateral attack'." *Martin v. United States*, 150 F. Supp. 3d. 1047, 1049 (W.D. Mo. 2015) (quoting *Hill v. United States*, 368 U.S. 424, 426-27 (1962)); *See also* R. GOVERNING § 2255 PROCEEDINGS 1.  The petitioner bears the burden of proof as to each asserted ground for relief.  *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019) (citation omitted).

### A. Need for an Evidentiary Hearing

28 U.S.C. § 2255 provides, in pertinent part:

Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under § 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self interest and

5

characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case. *Id*. at 225-6; see also *United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989).

### III.  DISCUSSION

**A.  Defense Counsel was Not Ineffective in Dealing with Criminal History Objection**

Hudson first claims that he received ineffective assistance of counsel in that his attorney "failed to conduct an adequate investigation with regards to Hudson's criminal history," and "failed to properly argue why the 2017 misdemeanor violation of an order of protection should not count." Doc. 2, pp. 11-13, 1:21-cv-00153-SNLJ.

The PSR had determined that Hudson had a 2017 conviction for violating an order of protection and assigned 3 criminal history points as he had been sentenced to 470 days in jail. PSR ¶ 51. Hudson initially objected to that assessment and claimed that he did not recall that particular conviction. Doc. 49, p. 2, 1:19-cr-00087-SNLJ. Hudson maintained

that position at the sentencing and his attorney indicated that the defense had "nothing to submit to the Court to challenge the accuracy" of the documents relating to the conviction. Sent. Tr., p. 5.  After examining the available records the Court overruled the objection. Sent. Tr., p. 6.  Hudson did not appeal this particular issue.

Hudson now argues that his attorney was ineffective in that;

> Because she failed to investigate, she was not able to provide evidence to support that Hudson is indeed innocent of the said charge as it was auto vacated in 2016 and the District Attorney filed a motion to dismiss it.

Doc. 2, p. 13-14, 1:21-cv-00153-SNLJ.

From the Court records now supplied by Hudson in an attachment to the memorandum in support of the motion, it appears that Hudson committed this offense in 2012, but for unknown reasons was not convicted until 2017.  PSR, ¶ 51.  Hudson also appears horribly confused about what actually happened.  According to his own narrative, the order of protection was issued on July 19, 2012, and was slated to expire on July 19, 2016.  Doc. 2, p. 12, 1:21-cv-00153-SNLJ.  Hudson indicates that he was convicted of possession of a controlled substance after trial in March of 2013, but that he was granted a new trial after the state conceded that there had been a conflict of interest at the first one. *Id*.  Instead of getting a re-trial, Hudson's own records show that four years later, in February of 2017, he pleaded guilty to the violation of the order of protection, that he was sentenced to 470 days time served, and that a count of drug possession was dismissed.  *Id*.  Hudson also indicates that on July 20, 2016, the "restraining order was auto vacated." *Id*.

Hudson appears to believe that because the original order of protection expired prior to his belated plea of guilty, that somehow provides him with a defense to the original

7

charge. Hudson offers no authority to support this position.

It has long been established that counsel cannot be considered to be ineffective for failing to raise issues upon which a defendant would not have prevailed. *United States v. Johnson*, 707 F.2d 317, 320 (8th Cir. 1983). Nor is an attorney under an obligation to pursue an unpromising investigation. *Harvey v. United States*, 850 F.2d 388, 403 (8th Cir. 1988) Because Hudson could not have prevailed on this basis, he was in no respect prejudiced by his attorney's failure to argue this particular position, and this ground will also be dismissed without the necessity of an evidentiary hearing.

**B. Hudson Agreed to the Drug Quantity for Which He was Responsible**

Hudson also alleges ineffective assistance of counsel in that his attorney failed to object to the PSR's calculation of drugs attributable to him. Doc . 2, pp. 17-18. Hudson claims that as he pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine, the Court "is not free to ignore that finding and impose a penalty based on 240.93 grams of methamphetamine, referenced in the PSR." *Id*.

Hudson's problem in this respect is that he agreed to the amount of methamphetamine for which he is accountable at the time of the plea. In the written plea stipulation Hudson agreed that the amount of methamphetamine which he possessed with intent to distribute was 240.93 grams. Plea Stip., p. 3. He also agreed that amount was correct as a part of the plea colloquy. Plea Tr., p. 27. Hudson failed to object to that determination in the PSR, failed to object at sentencing and failed to appeal the issue.

A motion to vacate sentence can be dismissed without a hearing if the allegations cannot be accepted as true because they are contradicted by the record. 28 U.S.C. §

2255(b)); *see also Sanders v. United States*, 341 F.3d. 720, 722 (8th Cir. 2003).  As a general rule a defendant who fails to object to a fact is required to live with it at sentencing.  *United States v. Halter*, 411 F.3d 949, 951 (8th Cir. 2005) (By not objecting to an enhancement, defendant admitted it was so.); *see also United States v. Nguyen*, 46 F.3d 781 (8th Cir. 1995) (A defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal.)

Because Hudson agreed to the drug quantity as well as the offense level that applied to him, he is not in a position to now complain about it.  Additionally, drug quantity is not cognizable in Section 2255 litigation, as matters which could have been raised on appeal, but were not, should not be considered on a Section 2255 Motion.  *United States v. Samuelson*, 722 F.2d 425, 427 (8th Cir. 1983).

This claim will be dismissed without the necessity of an evidentiary hearing.

**C. <u>Hudson Did Not Provide Substantial Assistance</u>**

Hudson also alleges that he received ineffective assistance of counsel in that his attorney failed to file a motion seeking to compel the Government to file a motion for substantial assistance.  Doc. 2, pp. 19-20.

The record clearly reflects that Hudson ultimately did not provide substantial assistance and was not entitled to a motion for reduction in sentence.  Again, counsel cannot be ineffective for failing to make a meritless argument.  *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).  The record clearly reflects this as being the case.  As the Court of Appeals stated on this issue.

We note, however, the record demonstrates Hudson ultimately conceded his

9

assistance was not substantial: did not timely object, move the government to file a motion, or request a hearing in the district court; and received the sentence he requested.

*United States v. Hudson*, 830 Fed. Appx. 793 (8th Cir. 2020).

As the record clearly reflects that Hudson is not entitled to relief on this basis, this allegation will also be dismissed without the necessity of an evidentiary hearing.

## VI. CONCLUSION

For the foregoing reasons, this Court will deny Hudson's § 2255 motion [Doc. 1] without an evidentiary hearing.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Hudson has not made a substantial showing of the denial of federal constitutional right.

**SO ORDERED** this 21st day of November, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE